UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

DONALD GENTILE, *on behalf of himself
and all others similarly situated,*

    Plaintiff,

v.

AMERICAN RECOVERY SERVICE INCORPORATED,
*Incorporated in California, registered in Florida as*
AMERICAN RECOVERY SERVICE
INCORPORATED OF CALIFORNIA*,*

    Defendant.
_____/

## CLASS ACTION COMPLAINT

1. Plaintiff alleges violations of the *Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq*. ("*FDCPA*").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under the *Fair Debt Collection Practices Act*, pursuant to *28 U.S.C. §1331* and *15 U.S.C. §1692k*.

3. Venue in this District is proper because Plaintiff resides here and Defendant conducts business in this District.

## PARTIES

4. Plaintiff, Donald Gentile, ("Plaintiff") is a natural person, and citizen of the State of Florida, residing in Palm Beach County, Florida.

1

5. Defendant, American Recovery Service Incorporated is a California corporation registered in Florida to do business as American Recovery Service Incorporated Of California ("Defendant") and is engaged in the business of collecting consumer debts, which operates from offices located at 555 Saint Charles Drive Suite 100, Thousand Oaks, California 91360.

6. Defendant regularly uses the United States Postal Service and telephone in the collection of consumer debts.

7. American Recovery Service Incorporated of California is licensed in Florida as a consumer collection agency, license number CCA0900285, and may collect consumer debts in Florida under that name only.

8. Defendant regularly collects or attempts to collect consumer debts for other parties. Defendant is a "debt collector" as defined by the *FDCPA*.

9. At all times material to the allegations of this Complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

10. Defendant sought to collect a consumer debt from Plaintiff under the name of "American Recovery Service Incorporated" arising from a judgement entered in a Florida Circuit Court in favor of American Express Centurion Bank, a Utah State chartered bank and registered to conduct business in the State of Florida. The American Express Centurion Bank credit card was not used for any commercial purpose. The debt was incurred primarily for personal, household or family use. (The "Judgment" is attached hereto as "Exhibit 1").

11. The Judgement is dated August 26, 2010 and is entered in the amount of $28,159.36.

12. On or about May 19, 2016, American Recovery Service Incorporated mailed Plaintiff a letter seeking payment of the alleged debt. (The "Demand Letter" is attached hereto as "Exhibit 2").

13. The Demand Letter states in part:

> Creditor: American Express
>
> xxxx
>
> Balance Due: $26344.81
>
> xxxx
>
> This notice has been sent by a collection agency. This is an attempt to collect a debt and any information obtained will be used for that purpose.

14. The Demand Letter is on the letterhead of American Recovery Service Incorporated.

15. On page two (2) of the Demand Letter, Defendant identifies its New York City Department of Consumer Affairs License Number as well as its North Carolina Agency Board permit number. In each of the States the license and permit are registered to American Recovery Service Incorporated.

16. American Recovery Service Incorporated does not have a consumer debt collection license as mandated by *Florida Statutes § 559.553*.

17. The name of the debt collector licensed to collect consumer debt in Florida, American Recovery Service Incorporated of California, does not appear on the Demand Letter.

18. The Demand Letter was Defendant's initial communication with Plaintiff with respect to the debt alleged therein.

19. *15 U.S.C. §1692g(a)* states:

> Validation of debts.
>
> (a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-
>
> (1) the amount of the debt;
> (2) **the name of the creditor to whom the debt is owed;**
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(emphasis added).

20. The Demand Letter identifies "American Express" as the creditor to whom the debt is owed.

21. The Demand Letter does not list any other creditor to whom the debt is owed, including the actual creditor, either American Express Centurion Bank or American Express Receivables Financing Corporation III LLC.

22. The actual account owner of the American Express credit card account is American Express Centurion Bank, a Utah corporation. On information and belief, the actual owner of the receivable owed by Plaintiff is American Express Receivables Financing Corporation III LLC.

23. Defendant falsely and misleadingly identifies "American Express" as the creditor to whom the debt is owed. There are numerous different entities who identify themselves as American Express, including American Express, FSB, who also issues consumer credit card accounts and American Express Receivables Financing Corporation III LLC, who is the owner of most, if not all, of the receivables owed to American Express Centurion Bank.

24. American Recovery Service Incorporated's failure to obtain a consumer debt collection license as mandated by *Florida Statutes § 559.553*, for American Recovery Service Incorporated while actively engaging in debt collection while using the name American Recovery Service Incorporated violates the *FDCPA*.

25. Any potential *bona fide* error defense which relies upon Defendant's mistaken interpretation of the legal duties imposed upon it by the *FDCPA* would fail as a matter of law.

## CLASS ACTION ALLEGATIONS

26. This action is brought on behalf of a Class consisting of (i) all persons with addresses in the State of Florida (ii) to whom initial communication letters were sent or caused to be sent by Defendant (iii) on half of American Express Centurion Bank (iv) that identified the creditor of the debt as "American Express" and the name of the debt collector as "American Recovery Service Incorporated" (v) that were mailed, delivered or caused to be served by the Defendant (vi) that were not returned undeliverable by the U.S. Post Office (vii) in an attempt to collect a debt incurred for personal, family, or household purposes (viii) during the one year period prior to the filing of the original Complaint in this action through the date of certification.

27. Plaintiff alleges on information and belief that Defendant's practice of sending initial communication letters on behalf of American Express Centurion Bank, that identified the creditor of the debt as "American Express" and the name of the debt collector as "American

5

Recovery Service Incorporated" in the initial communication letters, served upon the Class is so numerous that joinder of all members of the Class is impractical.

28. There are questions of law or fact common to the Class. The common issues predominate over any issues involving only individual Class members. The common legal and factual issue to each Class member is that each was sent or caused to be sent an initial communication letter by Defendant that identified "American Express" as the creditor to whom the debt was owed and not the actual creditor American Express Centurion Bank as required by *15 U.S.C. § 1692g(a)(2)* and that identified the name of the debt collector as "American Recovery Service Incorporated."

29. Plaintiff's claim is typical of those of the Class members. All are based on the same facts and legal theories.

30. Plaintiff will fairly and adequately protect the interests of the Class. He has retained counsel experienced in handling actions involving unlawful practices under the *FDCPA* and Class actions. Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this action.

31. Certification of the Class under *Rule 23(b)(3)* of the *Federal Rules of Civil Procedure* is also appropriate in that:

> (1) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.
>
> (2) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

32. Plaintiff requests certification of a Class under *Rule 23(b)(3)*, of the *Federal Rules of Civil Procedure*, for monetary damages; his appointment as Class Representative; and that his attorney Leo W. Desmond be appointed Class Counsel.

### COUNT I
### CLASS CLAIM
### VIOLATION OF *15 U.S.C. § 1692g(a)*

33. Plaintiff re-alleges Paragraphs 1 through 25.

34. After an initial communication with Plaintiff, pursuant to *15 U.S.C § 1692g(a)* the Defendant must provide the Plaintiff with:

> (a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-
>
> (1) the amount of the debt;
> (2) **the name of the creditor to whom the debt is owed;**
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(emphasis added).

35. Defendant sent or caused to be sent the Demand Letter to Plaintiff that purported to be on behalf of "American Express" in an attempt to collect a consumer debt, namely to collect

on a judgement in which the actual creditor is American Express Centurion Bank or American Express Receivables Financing Corporation III LLC.

36.     In Florida there are over fifty business entities whose name begins with American Express not including American Express, FSB.[1]

37.     Pursuant to the *FDCPA,* the Demand Letter is the initial communication between Defendant and Plaintiff.

38.     Defendant identified "American Express" as the name of the creditor to whom the debt was owed, when either American Express Centurion Bank or American Express Receivables Financing Corporation III LLC is the actual creditor to whom the debt is owed in violation of *15 U.S.C. § 1692g(a)(2).*

39.     As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k.*

40.     As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. §1692k.*

## COUNT II
## CLASS CLAIM
## VIOLATION OF *15 U.S.C. § 1692e*

41.     Plaintiff re-alleges Paragraphs 1 through 25 and 34 through 38.

42.     Pursuant to *15 U.S.C. §1692g(a)(2)* the Defendant must provide the Plaintiff with:

> (a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-

---

[1] Source: http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResults?InquiryType=EntityName&inquiryDirectionType=ForwardList&searchNameOrder=AMERICANEXPRESSTITLE%20P030001062520&SearchTerm=american%20express&entityId=P03000106252&listNameOrder=AMERICANEXPRESSLOCKS%20P060000055360 Last accessed April 22, 2016.

xxxx

(2) the name of the creditor to whom the debt is owed;

43.   *15 U.S.C. §§ 1692e(2)(B),(5) and (10)* state:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

xxxx

(2) The false representation of—

xxxx

(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

xxxx

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

xxxx

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

44.   Defendant sent a Demand Letter to Plaintiff that identified the creditor of the debt as "American Express" in an attempt to collect a consumer debt, namely to collect on a judgment in which the actual creditor is either American Express Centurion Bank or American Express Receivables Financing Corporation III LLC.

45.   The Demand Letter was a communication used in the collection of a debt between Defendant and Plaintiff.

46.   By claiming "American Express" was the creditor to whom the debt was owed, Defendant has attempted to mislead Plaintiff into believing that the Demand Letter correctly identified the name of the creditor to whom the debt was owed.

47. Defendant's Demand Letter is misleading and false as it identified "American Express" as the creditor when in actuality either American Express Centurion Bank or American Express Receivables Financing Corporation III LLC is the actual creditor to whom the debt is owed.

48. In Florida there are over fifty business entities whose name begins with American Express, not including American Express, FSB.

49. The Demand Letter is on the letterhead of American Recovery Service Incorporated.

50. American Recovery Service Incorporated does not have a consumer debt collection license as mandated by *Florida Statutes § 559.553*.

51. The name of the Florida licensed consumer collector, American Recovery Service Incorporated of California, does not appear on the Demand Letter.

52. Defendant's failure to obtain a consumer debt collection license as mandated by *Florida Statutes § 559.553*, for American Recovery Service Incorporated while actively engaging in debt collection while using the name American Recovery Service Incorporated violates *15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(B), 15 U.S.C. § 1692e(5)* and *15 U.S.C. § 1692e(10)*.

53. There currently exists an entity registered to conduct business in Florida named "American Recovery Service, Inc." whose principal place of business is Casselberry, Florida and is not related to American Recovery Service, Inc. registered in California.

54. Defendant's Demand Letter would be deceptive to the least sophisticated consumer with regard to his/her legal rights.

55. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. § 1692k*.

56. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. § 1692k*.

<u>**COUNT III**</u>
<u>**INDIVIDUAL CLAIM AGAINST DEFENDANT**</u>
<u>**VIOLATION OF *15 U.S.C. § 1692g(a)(1)* AND *15 U.S.C. § 1692e(2)(A)***</u>

57. Plaintiff re-alleges Paragraphs 1 through 25, 34 through 38 and 42 through 54.

58. Pursuant to *15 U.S.C. § 1692g(a)(1)* the Defendant must provide the Plaintiff with:

> (a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-
>
> (1) the amount of the debt;

59. The Demand Letter was an initial communication used in the collection of a debt between Defendant and Plaintiff.

60. The Defendant's Demand Letter stated the alleged debt was $26,344.81. However, from the date the Final Judgment was entered on August 26, 2010, in the amount of $28,159.36, compounded yearly at the rates allowed by *Section 55.03, Florida Statutes*, to the date of the Demand Letter, Plaintiff's debt would calculate to an amount in excess of $30,000.00.

61. *15 U.S.C. § 1692e(2)(A)* states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> xxxx
>
> (2) The false representation of –
>
> (A) the character, amount, or legal status of any debt;

11

62. Defendant's Demand Letter falsely represented the amount of the alleged debt in violation of *15 U.S.C. § 1692e(2)(A)*.

63. Defendant's Demand Letter did not notify Plaintiff of the amount of the alleged debt in violation of *15 U.S.C. § 1692g(a)(1)*.

64. As a result of Defendant's conduct, Plaintiff is entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k*.

65. As a result of Defendant's conduct, Plaintiff is entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. §1692k*.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for the following relief:

a. An Order certifying the *FDCPA* matter as a Class Action and appointment of Plaintiff as Class Representative;

b. An Order appointing Leo W. Desmond as Class Counsel;

c. An award of statutory damages for Plaintiff and the Class pursuant to *15 U.S.C. §1692k* for all Class claims;

d. An award of attorney's fees, litigation expenses and costs of the instant suit;

e. Any and all prejudgment interest rendered by law; and

Such other and further relief as the Court deems proper.

Dated: September 28, 2016.

Respectfully submitted,

By:/s/ *Leo W. Desmond*
Leo W. Desmond, Esq.
Florida Bar No. 0041920
DESMOND LAW FIRM, P.C.

5070 Highway A1A
Suite D
Vero Beach, Florida 32963
Telephone: 772.231.9600
Facsimile: 772.231.0300
lwd@verobeachlegal.com
*Attorney for Plaintiff*

*/s/ Sovathary K. Jacobson*
Sovathary K. Jacobson, Esq.
Florida Bar No. 102200
DESMOND LAW FIRM, P.C.
5070 Highway A1A
Suite D
Vero Beach, Florida 32963
Telephone: 772. 231.9600
Facsimile: 772.231.0300
jacobson@verobeachlegal.com
*Attorney for Plaintiff*